Oehler v. Brand, 204 Ill. App. 415.

of ordinary care, and whether the defendant's servants in the operation of the car which caused plaintiff's injuries were negligent at and before the time in question.

2. DAMAGES, § 205*—*when instruction referring to declaration is not reversibly erroneous.* In an action to recover damages for personal injuries, where the declaration alleged such injuries would disable the plaintiff for the rest of her life from attending to her affairs and business, but no attempt was made to establish a basis for damages except for suffering, and the plaintiff's attending physician testified there was no permanent injury, *held* that there was no reversible error in giving an instruction as to estimating the amount of damages if the jury should find that the plaintiff had sustained damages "as charged in the declaration."

3. DAMAGES, § 129*—*when verdict for personal injuries is not excessive.* In an action to recover damages for personal injuries, where the plaintiff received a fracture of the neck of the right humerus, with a union of the fragments of the bone at the point of fracture, and there was three years later, at the time of trial, some limitation of motion, *held* that a verdict for $1,500 damages was not excessive.

---

## Gustave A. Oehler, Plaintiff in Error, v. Charles Brand, Defendant in Error.

### Gen. No. 22,046.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed March 20, 1917.

### Statement of the Case.

Action of replevin by Gustave A. Oehler, plaintiff, against Charles Brand, defendant, to recover certain chattels. From a judgment for defendant upon a directed verdict at the close of plaintiff's evidence, plaintiff brings error.

Defendant executed to plaintiff a mortgage upon the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

goods sought to be replevied as security for payment of defendant's promissory note to plaintiff for three hundred and sixty dollars. The note and mortgage were placed in escrow with a certain party who was to deliver same to plaintiff when so directed by both plaintiff and defendant. He delivered same to plaintiff without defendant's knowledge, direction or consent.

LITZINGER, McGURN & REID, for plaintiff in error.

HARRY C. LEVINSON, for defendant in error.

MR. JUSTICE McGOORTY delivered the opinion of the court.

## Abstract of the Decision.

1. ESCROWS, § 13*—*when delivery of note and mortgage held in escrow is ineffectual to pass title.* Delivery of a note and chattel mortgage, held in escrow by a party, to the payee and grantee, contrary to the condition upon which such party held same, is ineffectual to pass title to such note and chattel mortgage to such payee and grantee.

2. ESCROWS, § 7*—*when chattel mortgage held in escrow becomes operative.* A chattel mortgage held in escrow cannot become operative until all the conditions of the escrow agreement are complied with.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.